# WASHINGTON COUNTY,

## March Term, 1838.

Present, Hon. STEPHEN ROYCE,
" SAMUEL S. PHELPS. } *Assistant Justices.*
" JACOB COLLAMER,

## Jackson A. Vail *v.* Amos Strong, Jr.

In all cases where the cause of action originates in contract, and the declaration, in form, counts upon the contract, the contract must be proved precisely as laid, and a variance, in any one feature of the contract, is fatal;—and this, whether the action be in form *ex contractu*, or in tort.

Where the liability, as set forth in the declaration, is obviously founded in contract, but the injury complained of is, in its character, a tort, if the injury consist in *omission* only, it *seems* necessary to join all co-contractors; but if positive *misfeasance* is complained of, it would be otherwise.

Upon the sale of a horse with a warranty or representation of soundness, the plaintiff may declare upon a *warrantizando vendidit*, alleging a *scienter* of the falsity of the warranty, and, in such case, he may recover, either upon the express contract, if proved, or, if the *scienter* be proved, he may recover for the deceit.

Where a witness stated, in the presence of a party, what he had understood from another to be the terms of a contract, and the party replied " he never told his trades,"—Held, that such reply is no admission of the correctness of such statement, but, on the contrary, rebuts all inference of admission.

If testimony be admitted, generally, in support of several counts in a declaration, which is admissible in support of a part only of such counts, it is error, unless the jury are properly instructed upon its application.

WASHINGTON An averment of a contract of *sale*, is not supported by proof of an *ex-*
March,      *change.*
1838.

Vail          THIS was an action on the case, alleging a false warranty, by
 *v.*          defendant, of a certain horse sold by him to plaintiff.
Strong.
            The declaration consisted of two counts, one alleging that
defendant sold the horse to plaintiff, and the other, that de-
fendant and plaintiff exchanged horses, and that plaintiff
paid defendant, as difference between horses, a watch and
five dollars in money, and an account he had against defen-
dant of $2,00.

Plea, the general issue, and trial by jury.

On trial of the case, to the jury, the plaintiff introduced
one Henry Silver as a witness, who testified, that in the
month of August, 1836, the parties were together, and after
long consultation did exchange horses. He did not think
any one was present at the time of the exchange or trade,
except the parties, but both parties said they had traded, and
the horses were exchanged. The witness further testified
that he told the defendant that the plaintiff said he had giv-
en the defendant a watch and five dollars in money, and an
account he had against defendant, as boot or difference be-
tween the horses, to which defendant made reply, that " *he*
*never told his trades,*" and made no other reply as the wit-
ness stated.

There being no other testimony, tending to show the par-
ticular terms of the contract, the defendant's counsel moved
the court to instruct the jury, that the testimony had no ten-
dency to support either count in the declaration, but the
court having intimated that they should instruct the jury, that
the testimony was competent for them to weigh, and that if,
from all the testimony they were satisfied, that the terms of
the trade were in fact, as detailed in the second count, al-
though there was no distinct evidence to show the amount of
the account, still the plaintiff might be entitled to recover, so
far as this part of the case was concerned.

Verdict for plaintiff, and defendant excepted.

*S. B. & J. H. Prentiss,* for defendant.

1. The question of variance, raised upon the trial of the
cause, was a question for the court to determine, and should
not have been submitted to the jury. The court should have
directed a nonsuit.

2. The court erred, in instructing the jury that they might find the terms of the trade to be such as were detailed in the second count, when there was *no* testimony to prove the amount of the account. 3 Vt. R. 236.

3. We insist there was a variance between the declaration and proof; first, because it was not shown by legal evidence that a watch and five dollars in money were given, as boot, on the exchange;—and, second, because there was *no* evidence to show the *amount* of the account.

In actions, in form *ex contractu,* the contract must be proved as alleged. *Crawford* v. *Morrell,* 8 Johns. R. 253. 3 Stark. Ev. 1544, and 1547. 1 Chit. Pl. 304. *Bristow* v. *Wright,* Doug. R. 665. 3 T. R. 67. *Armfield* v. *Bates et al.* 3 M. & S. 173. 3 T. R. 51. 1 Esp. R. 59. Cowp. R. 671. 1 T. R. 447. 3 Dane's Abr. 459. *Cooke* v. *Munstone,* 4 B. & P. 351. 1 Chit. Pl. 373, 307. *Weall* v. *King,* 12 East's R. 452. *Boson* v. *Sanford,* Salk. R. 440. *Max* v. *Roberts et al.* 2 New. R. 454. *Powell* v. *Layton,* do. 365. 5 Esp. R. 227. 5 Com. L. R. 180. 3 Conn. R. 194. *Snell* v. *Moses,* 1 Johns. R. 96. *Perry* v. *Aaron,* do. 129.

*W. Upham,* and *L. B. Peck,* for plaintiff.

1. The evidence authorized a recovery on the first count. That count alleges that the defendant *sold* the horse to the plaintiff, but the manner in which payment was made is not stated, nor was it necessary it should be stated. It is true that the proof showed an exchange of horses, but an exchange and sale are one and the same thing, in law. The defendant sold his horse to the plaintiff, and, instead of receiving cash, he took a horse and other articles of personal property, in payment. This transaction was, then, a *sale.* *Porter* v. *Talcott,* 1 Cowen R. 350. *Felton* v. *Dickinson,* 10 Mass. R. 287. 4 Taunt. R. 285. 3 Salk. 157. 2 Bl. Com. 446. 2 Chit. 85, n. e.

2. There is no variance between the second count and the evidence given to support it. An account against the defendant was given up, and, from the proof, it does not appear that the amount was different from that alleged. It was not incumbent on the plaintiff to prove the amount of the account, and even if there was a variance in this particular, such variance is immaterial, as this point does not constitute

the *gravamen* or gist of the action.   *Cunningham* v. *Kimball,* 7 Mass. R. 65.   *Willson* v. *Codman,* 3 Cranch's R. 193.   *Barney* v. *Dewey,* 13 J. R. 224.   *Corwin* v. *Davison,* 9 Cowen's R. 22.

The opinion of the Court was delivered by

PHELPS, J.—This is an action of deceit, sounding in tort, but founded on a contract of warranty, in the sale of horses, between the parties.   The plaintiff has, in one count at least, set forth the terms of the contract particularly, and alleged a warranty of the horse, as a part of the contract ; at the same time, so framing his declaration, as to enable himself to recover for a deceit.   Under this declaration the question arises, how far the plaintiff is held to prove the particulars of the contract, and how far such proof must conform to his allegations.

There has been much discussion of the question, to what extent, and to what purposes actions of this character are to be regarded as actions *ex contractu,* to be governed by the rules of proceeding applicable to such actions, and how far they may be considered as partaking of the character of actions *ex delicto.*

This subject has been recently examined in the case of *Wright* v. *Geer,* 6 Vt. R. 151, where the authorities on the subject were collated and examined.   The result to which this court came, on that occasion, is, that in all cases, where the cause of action originated in contract, and where the declaration, in form, counted upon the contract, the same must be proved precisely as laid, and a variance, in any one feature of the contract, is fatal ; and this, whether the action was, in form, *ex contractu,* or in tort.   In this respect, all the authorities agree.   Upon another point, however, very nearly allied to this, and depending upon much the same considerations, to wit, the supposed necessity of joining all the parties liable, as defendants, whether the declaration goes for a breach of contract or a tort, there has been some apparent conflict of authority.   This apparent contrariety is, however, easily removed, if we distinguish properly between the various cases which have been the subject of adjudication, and which may be arranged in three classes.

The first class consists of cases, where the cause of action is, in reality, founded on a contract, and the form of the ac-

tion is assumpsit. These actions are considered, to every
purpose, as sounding in contract, and are attended by all the incidents and consequences of actions *ex contractu.*

The second class consists of cases, where the injury complained of is in itself a tort, and where the liability attempted to be enforced does not originate in a contract, or is not so declared on. These cases are strictly actions *ex delicto,* and are governed, in all respects, by the rules applicable to such actions.

There is still a third class of mixed actions, comprehending cases where the liability, as set forth in the declaration, is obviously founded in contract, but the injury complained of is in its character a tort. Under this head may be arranged those cases, where the declaration is framed, as in the case under consideration, with a double aspect, so as to enable the party to recover by proof, either of a breach of contract, or a tort. In these cases the authorities all agree, that it is necessary for the party to prove his contract precisely as alleged. Whether it be necessary to join all co-contractors in the suit, is a question of more difficulty. If the injury consist of omission only, it would seem necessary to join them, but if positive misfeasance is complained of, the case would be different.

There are many cases where the plaintiff has an election as to the form of action to be adopted. Thus, in actions against common carriers, the party may declare on the contract, and allege the injury, either as a mere breach of contract or as a tortious negligence, or he may declare on the liability of the carrier, as established by law, and charge the injury as the result of negligence. In one case the action is considered as sounding in contract, and it is necessary, not only to prove the contract as laid, but also to join, as defendants, all the parties responsible. In the latter case, the action is tort; as no contract is alleged, none need be proved, nor is the suit abateable for the non-joinder of other defendants.

Of the former discription, were the cases of *Boson* v. *Sanford,* Salk. 440. *Powell* v. *Layton,* 5 Bos. & Pul. 365. *Max* v. *Roberts,* do. 454, and the like. Of the latter kind, were *Buddle* v. *Wilson,* 6 T. R. 369. *Govett* v. *Radnidge,* 3 East, 68.

The cases arising upon contracts for the sale of horses, with a warranty or representation as to soundness, afford a better illustration still, of the effect and consequences of these different modes of declaring.

The plaintiff may declare as for a deceit, alleging a representation known to be false when made. In such case, he does not rely upon a contract as the ground of recovery,— none need be alleged, and none need be proved.

Such were the cases cited by the plaintiff, *Cunningham* v. *Kimball*, 7 Mass. R. 65, and *Barney* v. *Dewey*, 13 Johns. R. 224. *Corwin* v. *Davison*, 9 Cowen, 22, is of the same character.

He may declare upon a warranty, alleging a breach of it, in which case he counts upon the contract, as such, and, as in every other case of special assumpsit, must prove the contract precisely as laid.

Or he may adopt the ancient form of declaring upon a *warrantizando vendidit*, alleging a *scienter* of the falsity of the warranty, and in this case he may recover, either upon the express contract, or if the *scienter* be proved, for a deceit. Such a declaration has a two-fold aspect. If a warranty be proved, it binds the defendant, *proprio vigore*, and the defendant is liable if the warranty is broken. And, as every such warranty includes a representation, if it be wilfully and knowingly false, the deceit is made out. Such were the cases of *Weall* v. *King*, and the like, and such is the declaration in this case.

The representation, relied on in this case, consists in the false warranty, which is a part of the contract. The action is, therefore, founded on the contract, which must be proved as laid. The case falls within the doctrine of *Wright* v. *Geer*, 6 Vt. R. 151, which was considered an action of tort, yet it was there held that the variance was fatal.

Indeed, the result of all the authorities is, that, whether the action is in form *ex contractu*, or *ex delicto*, if the cause of action, *as set forth*, originate in a contract, the contract must be proved as laid.

This is not strictly a case of variance, but every case of variance assumes that the contract, in all its features, must be proved. No question of variance can arise, where proof is not required.

As it was necessary for the plaintiff to prove the contract, as laid, the next inquiry is, whether the testimony, submitted to the jury, had a legitimate tendency to establish the facts.

The testimony of the only witness, who spoke to the terms of the contract, was in substance this,—The parties exchanged horses. So far the witness testified from his own knowledge. As to the terms of the contract, he knew nothing, except that he was told by the plaintiff what these terms were. These terms he stated to the defendant, by way of inquiry, as we suppose, who answered that " he never told his trades."

It is impossible to conceive upon what ground such testimony can be regarded as evidence. The witness knows nothing personally of the facts,—the statement of the plaintiff to the witness is no evidence,—the repetition of the story by the latter gives it no additional efficacy,—and the refusal of the defendant, either to admit or deny the truth of the statement, rebuts all inference of any admission on his part.

It is sometimes said that, if a fact, which makes against the party, is stated in his presence, and is not contradicted by him, his silence raises a presumption of its truth. To this position we cannot accede. The mere silence of the party creates no evidence, one way or the other. There are, indeed cases, where the silence of the party creates a presumption or inference against him ; but this presumption derives all its force from the circumstances, under which the statement is made, which may call for a denial. If the party is under a moral or honorary obligation to disclose, or if his reputation or interest is jeoparded by the statement, he has a strong inducement to deny it, if he can do so with truth. His silence, under such circumstances, affords an inference against him, which is more or less strong, in proportion to the inducement to make the denial. But even here, the evidence, thus created, rests altogether upon the attendant circumstances. If, for instance, the party be engaged in defending his reputation or his rights, an assertion, bearing upon the subject under discussion, and unfavorable to him, calls for a denial, and if there be not a denial, a presumption of its truth arises. But we know of no obligation upon the party to

WASHINGTON,
March,
1838.

Vail
v.
Strong.

Vail
v.
Strong.

answer every idle or impertinent inquiry. He has the right to be silent, unless there be good occasion for speaking. We cannot admit that he is bound to disclose his private affairs, at the suggestion of idle curiosity, whenever such curiosity is indulged, at the hazard of being concluded by every suggestion, which may be suffered to pass unanswered. The true rule we understand to be this ;—evidence of this character may be permitted to go to the jury, whenever the occasion, upon which the declaration is made in the presence of the party, and the attendant circumstances, call for serious admission or denial on his part ; but the strength of the evidence depends altogether upon the force of the circumstances and the motives, which must impel him to an explicit denial, if the statement be untrue. But if no good reason exist to call for disclosure, and the party decline to enter into useless discussion, or anwer idle curiosity, no legitimate inference to his prejudice can be drawn from his silence.

In this case we can see nothing in the testimony except the indulgence of an idle curiosity, which the defendant was not inclined nor bound to gratify. His silence,therefore, creates no presumption against him, and we think the testimony of the witness had no legal tendency to prove the contract alleged.

There was, therefore, no evidence tending to prove the contract, set forth in the second count of the declaration, and the jury should have been so instructed.

It is insisted, however, that the plaintiff would be entitled to recover upon the first count in the declaration, without proof of the terms of the contract, as, in that count, these terms were not particularly alleged.

Admitting this to be true, yet the objection is not obviated, that improper testimony was permitted to go to the jury, in support of the second count, without proper instruction. Had the jury been instructed, that the plaintiff could not recover on the second count, and that the testimony was pertinent only to the first, the admission of it would have been no ground of error, so far as the second count is concerned. But we understand the law to be, that if testimony be admitted generally, in support of several counts in a declaration, which is legally admissible in support of part only, it is error, unless the jury are properly instructed, to which count the testimony is applicable, and to which not.

Vail
v.
Strong.

It is, however, by no means certain, that the evidence supports the first count of the declaration. This count alleges a *sale* with warranty. The evidence shows an *exchange*. These are, legally, different contracts, and, in strictness, an averment of one is not supported by proof of the other.

The plaintiff insists that the exchange, in this case, may well be termed a sale, and we are referred to sundry cases where, it is said, these terms are held to be synonymous.

The case of *Porter* v. *Talcot*, 1 Cowen, 359, was indebitatus assumpsit, for the difference to be paid upon the exchange of vessels. All, which that case decides, as applicable to our present purpose, is, that the contract having been executed, except as to the payment of that difference, it was not necessary, in suing for the same, to declare specially, but that general assumpsit for goods sold would lie.

*Felton* v. *Dickinson*, 10 Mass. R. 287, is to the same effect. Where a special agreement is so far performed, as to leave nothing but a duty to pay money, a general count in assumpsit is sufficient.

*Cotterel* v. *Cuff*, 4 Taun. R. 285, merely decides, that, in assumpsit for the breach of a contract, containing several particulars, the declaration need show so much only of the terms, beneficial to the plaintiff, as comprehends the point, for the failure of which he sues.

All these cases were actions of assumpsit, in which the rules of pleading and evidence are widely different, in many respects, from those which regulate the action on the case.

Upon the whole, we are satisfied there is error in the proceedings below. The judgment of the county court is reversed, and the cause remanded for a new trial.