# ADDISON COUNTY.

## January Term, 1839.

Present, Hon. STEPHEN ROYCE,
      „   JACOB COLLAMER,
      „   ISAAC F. REDFIELD,   } *Assistant Justices.*
      „   MILO L. BENNETT,

---

### George Gale *v.* Ward M. Lincoln, James A. Potter and Paul Spooner.

The expression of the opinion of the judge, on the weight of testimony, is not matter of error in law.

The statement of the plaintiff to a third person, in the presence of one of the defendants, not addressed to him, nor calling for any reply and not replied to by him, is not sufficient evidence of the terms of a contract, as against the defendants.

This was an action brought on a warranty of five hundred sheep.

On the trial in the county court, the plaintiff offered evidence tending to show that the defendants had a large number of sheep to sell, in several flocks, at some distance from each other ; that while the plaintiff was examining the sheep some question was made by him about their having the scab ; and that one of the defendants said they had had it, but were cured ; that it was finally agreed that plaintiff should select 500 sheep at $2,25 each, and that while the selection was going on, the plaintiff caught one sheep and

showed to one of defendants, which the plaintiff said he thought had the scab ; that defendant said he would warrant it sound, but it did not appear that that sheep was one of the 500 selected ; that while plaintiff and one of the defendants were selecting said sheep, plaintiff in conversation with his son, in the presence of one of the defendants, told his son that he was to give $2,25 each for said sheep, but that they were warranted sound, and that defendants in no way dissented from said statement as made by plaintiff in relation to said warranty, or made any reply or remark whatever.

The plaintiff insisted that from such evidence the jury might find a warranty. But the court decided that the evidence was insufficient, whereupon the plaintiff submitted to a verdict against him.

To the decision of the court the plaintiff excepted.

*C. Linsley*, for plaintiff.

1. The evidence offered had a tendency to prove the warranty declared on, and it was for the jury alone to pass upon it. The court may, if they please, say the testimony would not satisfy them, but still it cannot be withdrawn from the jury. The court seemed to consider, on the trial, that an assertion made by plaintiff in the presence and hearing of defendants, without answer by defendants, amounted to nothing. But such is not the law. The rule that a man's silence *may* be regarded as an admission, is founded on an universal law of human nature ; for mankind are as ready to repel attacks or encroachments on their rights by words as by deeds. 2 Starkie's Evid. 28, 37. 1 do. 398.

2. It is evident that plaintiff understood the sheep were warranted sound, and if defendants heard him so state the bargain in their presence, and they did not so understand it, they were guilty of a fraud in not setting him right. This was before the contract was closed by delivery, and when neither party was so far bound but that they might have receded. As in this case the jury must infer a designed fraud or a previous warranty, they ought to, and doubtless would, presume the latter.

*Briggs & Barber*, for defendants.

The general rule in relation to admissions of the kind in question is, that an admission may be presumed from the

silence or acquiescence of a party, when a debt or right adverse to his interest is asserted in his presence, and he does not contradict it. But this rule cannot be safely applied to many cases which come within its limits. Many instances may be supposed, where declarations against a person's interest might be made in his presence, and yet not under circumstances to bring them to his hearing or attention, or make it necessary for him to contradict them. In order that the silence of a party, when a declaration against his interest is made in his presence, should amount to an admission of the truth of that declaration, it must appear that the declaration, charging him with some liability, was made to him directly, or, if made between third persons in his presence, was made under such circumstances as to require an answer.

In this case the declaration was made between third persons, and it does not appear that the defendant, in whose presence the declaration is alleged to have been made, even heard it, or, if he did, that he was *the* defendant charged by the plaintiff with having made the warranty.

The opinion of the court was delivered by

COLLAMER, J.—The proceeding, by removing a cause into the supreme court, upon exceptions, has been frequently decided to be a proceeding in error. If it appear that error *in law* has been committed, the judgment is reversed. If no error appears, then the judgment is affirmed. Error must be either in the admission or rejection of evidence, in the charge to the jury, or in the judgment rendered by the court. Error in law can never be committed in any opinion the court may express upon the weight of the evidence. It is a mere matter of discretion. The court is not bound to express any such opinion to the jury, and, if any is expressed, it is still a question for the jury to decide. From the exceptions, as drawn in the present case, we do not perceive that any legal question has been decided by the court. No testimony has been admitted or rejected which was objected to, no charge was given to the jury, nor does it appear that any judgment has been rendered, but on a verdict. The truth seems to be that when the plaintiff's testimony was all in, the judge expressed an opinion on its weight unfavorable to the plaintiff, whereupon, without going on with his case to the jury, as was his right, he submitted to a verdict.

If, however, this case were to receive a different construction, and the opinion of the court were to be regarded as a charge on the testimony, legally binding on the jury, we still cannot perceive that it was wrong. The case purports to set out the whole testimony. Now, the only testimony tending to prove a warranty, consisted in what the plaintiff told his son in the presence of one of the defendants, the latter making no reply. There may be cases, where a man's silence may be evidence against him. His silence, when a claim is made directly upon him, calling for a reply, may be evidence of the correctness of the claim. But in this case there is no such circumstance. The plaintiff's statement was made to his son, not to the defendant, and therefore called for no reply. There were other defendants, who participated in making the contract, and the one defendant, in whose presence this conversation occurred, might not have considered himself sufficiently acquainted with the terms of the contract, to contradict any statement which the plaintiff might make. It therefore was insufficient.

Judgment affirmed.