## Ichabod Mattocks *v.* Lyman & Cole.

If a witness make use of a memorandum to refresh his memory in regard to a transaction, of which he has a general recollection, and recollect that the memorandum was correct at the time it was made, it is not important that he should have a present recollection of all the facts detailed.

If the plaintiff were a joint owner of goods with the defendants, or of the specific money for which they were sold, his remedy for the recovery of his interest must be by action of account. But if he were to have a share in the profits on the goods merely, as a compensation for his labor, the remedy must be by action of assumpsit.

The declaration in assumpsit should be special only when the plaintiff claims damages for the breach of a special contract. If nothing remain to be done under the special contract but to pay money, the general counts are sufficient; and in such case a special demand is not in general necessary.

An admission is never to be presumed from silence, merely, under the bare assertion *in words* of a claim, even when that claim is made by the party in whose favor it is asserted. But if a party, in answer to such assertion, make any declaration in regard to his own rights, the whole conversation, in which the declaration is made, must be submitted to the jury under proper instructions from the court.

If the plaintiff show to the jury that he has performed services for the defendant, but his testimony leave uncertain the amount which he is entitled to recover therefor, this will not preclude his right of recovery, but the jury may allow him such sum as they deem the services reasonably worth. But the uncertainty must not be allowed to operate in favor of the plaintiff, but rather against him.

Assumpsit. The declaration set forth in substance, in several counts, that the plaintiff and defendants entered into an agreement, by which the defendants were to furnish money, and the plaintiff was to purchase wool for them, which the defendants were to sell, and, if the profits exceeded $200, to pay to the plaintiff for his services one half of the amount of profits,—but if they were less than that sum, then to pay the plaintiff one third; and the plaintiff averred that the money had been furnished and the wool purchased, as agreed, and that the defendants had sold the same at a profit, but had refused to pay to the plaintiff his share. The declaration also contained counts in *indeb. assumpsit* for work and labor, goods sold and deliv-

ered, and the money counts. The defendants pleaded the general issue, and also a plea in set-off. Trial by jury.

The plaintiff, to prove the allegations in his declaration, introduced one Bradley as a witness, who testified that, at the request of the plaintiff, he called with him at the defendants' store, and that the plaintiff stated to the defendant Lyman the terms of the contract, as set forth in the declaration, and said he was informed that the wool had been sold for a price which would entitle him to one half of the profits, and demanded said proportion,—and that Lyman's only reply was, that he was ready to settle with him, plaintiff; but that they did not owe him any thing, but that he, plaintiff, owed them. On cross examination the witness said he did not recollect certainly that any thing was said about the defendants' furnishing money for the plaintiff to purchase the wool with.

The plaintiff also introduced one Lynde, who testified that he sold to Mattocks between six and seven hundred pounds of wool at forty cents per pound, and delivered the same to the defendants, who paid him therefor, except $10 paid to him by the plaintiff,—and that he had no recollection of the precise time when the sale was made; but he produced his cash book, and testified that it was truly and accurately kept, and that on it was an entry of $10, received of the plaintiff for wool, under the date of Aug. 12, 1834, and that from this he supposed and believed that the sale was made on that day, though he could not recollect, or have fixed the precise time, had it not been for his book. To this testimony the defendants objected, but the court overruled the objection. It appeared, from a receipt introduced by the defendants, that on the 11th day of August, 1834, the parties had a full settlement for all purchases of wool made by the plaintiff for the defendants previous to that time.

The plaintiff introduced other testimony, tending to prove that, subsequent to the 11th of August, 1834, the defendants had a quantity of wool, amounting to 6000 or 7000 pounds, which they kept separate from their other wool, and called the "Mattocks wool," and that the defendants sold said wool in January, 1835, at fifty two and a half cents per pound ;—and also tending to prove that the average price of wool during the summer in question was from thirty five to forty cents per pound.

The defendants, under their plea in offset, gave in evidence a note for $25, which they held against the plaintiff.

The defendants requested the court to charge the jury,—1. That the evidence was insufficient to entitle the plaintiff to recover ;—2. That there could be no recovery on the special counts by reason of a fatal variance between them and the contract, as proved by the witness Bradley ;—3. That, if there was a contract proved, it showed a joint interest in the profits,—the defendants being bailiffs for the plaintiff, and that therefore the action should have been account ;— 4. That the burden of proof was on the plaintiff to show the price, and the profit to which he was entitled, and that he could recover for no more than he did thus show ; and that, having shown this as to one or two lots, he must show the *cost* of the remainder, and that it was sold so as to realize a net profit on the whole amount purchased,—and that, not having shown this, the defendants were entitled to a verdict for the amount of their note.

But the court charged the jury that the question as to variance could be of no consequence, as the plaintiff, if entitled to recover at all, might recover under the general counts in his declaration,— there being no dispute but what the defendants had received the money for the " Mattocks wool," so called, previous to the commencement of this action.

The jury were also told that it was for the plaintiff to make out his claim ; and that, if he had satisfied them that he had purchased for the defendants a quantity of wool, under the contract set forth in his declaration, and that the lot of wool, called the " Mattocks wool," was purchased by the plaintiff and delivered to the defendants under that contract, that then the contract would give the rule as to the portion of profits to which the plaintiff was entitled, and that this might be recovered by the plaintiff under the count for money had and received.

The jury were also told that the testimony of Bradley was competent evidence, as tending to prove, by an implied admission on the part of the defendant, Lyman, that the contract was as claimed by the plaintiff ;—but that its weight must depend upon the circumstances attending it, of which they were judges.

The jury were also told that, if they did not find that a specia

Mattocks *v.* Lyman et al.

contract was made, but did find that, after the settlement made Aug. 11, 1834, the plaintiff, at the request of the defendants, purchased for them a given quantity of wool, that then the plaintiff was entitled to recover such sum as the services were reasonably worth, and that this sum might be fixed according to the time spent, or by allowing a reasonable commission on the wool purchased.

The jury were also told, that it was the duty of the plaintiff to make the sum in damages, which he was entitled to recover, reasonably certain; and that if, in this case, they found a difficulty in determining the amount the plaintiff should recover, it would not preclude the right of recovery, but that it was their duty to see that the uncertainty did not benefit the plaintiff, but that it should operate against him, and in favor of the defendants.

The jury returned a verdict for the plaintiff. Exceptions by defendants.

*C. D. Kasson* for defendants.

1. The memorandum, used by the witness Lynde, was improperly admitted. The rule admitting books extends only to the books of *parties. Doe* v. *Perkins,* 3 T. R. 752–4. *Jacob* v. *Lindsay,* 1 East 460. *Burrough* v. *Martin,* 2 Camp. 112. *Hosford* v. *Foote,* 3 Vt. 391.

2. The court erred in instructing the jury that the uncertainty in the plaintiff's testimony, as to the amount of his damages, would not preclude him for recovering; — and also in leaving it for the jury to determine, on the general count, what would be a reasonable compensation, or commission, for the plaintiff, when no evidence was submitted to them upon that point.

3. The testimony of the witness Bradley was not evidence even *tending* to prove a special contract. No inference of any *admission* of the correctness of the plaintiff's claim can legally be drawn from it. *Vail* v. *Strong,* 10 Vt. 457. *Gale* v. *Lincoln et al.,* 11 Vt. 154. *Braithwaite* v. *Coleman,* 30 E. C. L. 403. *Lawson* v. *Sherwood,* 1 Stark. R. 314, [2 E. C. L. 405.] *Carver* v. *Tracey,* 3 Johns. 427. *Wailing* v. *Toll,* 9 Johns. 141. *Smith* v. *Jones,* 15 Johns. 229. *Credit* v. *Brown,* 10 Johns. 376. *Hopkins* v. *Smith,* 11 Johns. 177.

4. The action of assumpsit,—at least the general *indeb.* counts, —will not lie in this case. In *Wilkin* v. *Wilkin,* and *Poulter* v. *Cornwall,* 1 Salk. 9, Lᴅ. Hᴏʟᴛ laid down the rule, with which no subsequent case has been found to conflict,—that when the defendant is to *do something* with the property, as to merchandize with it, and the plaintiff is entitled to have an *account* of his doings, or is therein interested, then,—1. The law implies a promise to *account,* and, in default of accounting, assumpsit lies; — 2. That assumpsit does not lie unless the party *refused to account,* but *account* is the proper remedy, and a demand and *refusal* to exhibit his account, is a condition precedent to the right of action.    *Topham* v. *Braddick,* 1 Taunt. 571.    *Collins* v. *Benning,* 12 Mod. 444.    Bul. N. P. 148. 1 Chit. Pl. 44.    This rule is applicable to all those cases where the amount claimed consists of *net profits* of one or more transactions,— they being, at least, in the *nature* of partnerships.    Yelv. 70.

There is another class of cases, in which the *proceeds,* not the *profits,* of property are to be divided; and then *indeb. assumpsit* lies. Such is the case in 4 Esp. R.,* brought by a sailor to recover his share of the *proceeds* of the sale of a cargo of oil by the captain. The case turned upon this distinction.    And such are the cases of *Ambler* v. *Bradley,* 6 Vt. 119, and *Bowman* v. *Bailey,* 10 Vt. 170.

5. There having been no refusal by the defendants to account, the contract is still open, subsisting, and executory, and therefore there can be no recovery on the general counts.    *Fielder* v. *Starkin,* 1 H. Bl. 17.    *Weston* v. *Downes,* Dougl. 23.

*Maeck* and *Smalley* for plaintiff.

The opinion of the court was delivered by

Rᴇᴅғɪᴇʟᴅ, J.    1. It is argued, in the present case, that the defendants are entitled to a new trial, because a witness was permitted to testify from a memorandum, and to facts of which, aside from the memorandum, he could not, at the time, and did not profess distinctly to recollect.    We do not think the decision below was erroneous in this respect.    There are many facts which no memory could possibly carry along, without the aid of memoranda; and

* *Wilkinson* v. *Frasier,* 4 Esp. 182.

when they are committed to writing the detail of the facts is dismissed from the memory, and they are the sooner forgotten, for the very reason that the writing is relied upon. All that is necessary in such a case is that the witness should have a general recollection of the transaction, and also that the memorandum was correctly made at the time it was made. This is the well settled rule now in Westminster Hall. 1 Stark. Ev., 7th ed. 175, and following pages.

2. We do not perceive that the rule of damages laid down by the court was objectionable. If no special contract existed, then the plaintiff could recover as much as he deserved to have for his labor, and the *quantum meruit* must be estimated by the jury. This they might doubtless do by a *per diem* allowance, or by way of commission, or in any other mode they judged proper.

3. Upon the question of the form of action, we do not think there is any good ground of doubt. Whether the remedy may be assumpsit, or must be account, depends upon whether the plaintiff had any property in the wool, and so in the specific money for which it was sold,—or whether the form of the contract was only a mode of determining his compensation for labor. The plaintiff and defendants clearly were not partners among themselves, nor were the defendants either the bailiffs or receivers of the plaintiff. As the entire contract had been performed, and nothing remained but the mere duty on the part of the defendants to pay over the money, there does not seem to be any objection to the general counts. The declaration need be special in those cases only where the claim sounds in damages, and is for the non-performance of a specific engagement,—as in the present case for not making sale of the wool,—or for not collecting the money; but for not paying over the money a recovery may be had under the general counts.

4. We do not perceive, in a case like the present, any necessity for a special demand. The view we have taken of the case fixes an indebtedness upon the defendants whenever the money was collected; and, in general, a special demand is not necessary in any of those cases where the recovery may be had under the general counts, although doubtless there may be some exceptions to this as a general rule.

5. The most important practical question, by far, discussed in

the case, remains to be determined. It seems to have been generally considered that all conversation had in the presence of a party, in regard to the subject of litigation, might properly be given in evidence to the jury. But in *Vail* v. *Strong*, 10 Vt. 457, and in *Gale* v. *Lincoln*, 11 Vt. 152, some qualification of this rule is established. It is there held, that unless a claim is asserted by the claimant or his agent, and distinctly made to the party, and calling naturally for a reply, mere silence is no ground of inference against one. And we think even in such a case that mere silence ought not to conclude a party, unless he thereby induces a party to act upon his silence in a manner different from what he otherwise would have acted. There are many cases of this character when one's silence ought to conclude him. But when the claim is made for the mere purpose of drawing out evidence, as, in the present case, it is obvious must have been the fact, or when it is in the way of altercation, or, in short, unless the party asserting the claim does it with a view to ascertain the claim of the person upon whom he makes the demand, and in order to know how to regulate his own conduct in the matter, and this is known to the opposite party, and he remains silent, and thereby leads the adversary astray, mere silence is, and ought to be, no ground of inference against any one. The liabilities to misapprehension, or misrecollection, or misrepresentation are such, that this silence might be the only security. To say, under such a dilemma, that silence shall imply assent to all which an antagonist may see fit to assert, would involve an absurdity little less gross than some of the most extravagant caricatures of this caricature loving age. With some men, perhaps, silence would be some ground of inferring assent, and with others none at all. The testimony then would depend upon the character and habits of the party,—which would lead to the direct trial of the parties, instead of the case.

It is true, when a claim is the subject of conversation in the hearing of a party against whom the claim is made, and he takes any part in such conversation, the whole evidence must go to the jury; for, by consenting to enter into the conversation, he thereby makes his declarations upon the subject evidence, if his adversary sees fit to avail himself of them,—and by consenting to make any declara-

Mattocks *v.* Lyman et al.

tion in regard to the matter, he thereby puts the matter upon a much stronger ground against him than would mere silence. But even in such a case the jury should be told, in the charge of the court, that neither his declarations, nor his silence, are to be construed into an implied admission of facts beyond the scope of the *declarations themselves.*

In the present case the declarations of the defendant, Cole, were a virtual denial of the claim made upon them by the plaintiff. We do not well see how it could have been more explicit, unless it had been put in the form of a special traverse. The defendant Cole's reply to the plaintiff did contain the inducement to such a traverse, that is, it was the allegation of new matter inconsistent with the plaintiff's claim, but it did not conclude with a formal denial of the plaintiff's claim,—in other words, the *absque hoc* clause of the traverse was omitted, and for this reason we are called upon to say it was evidence to go to the jury for them to make such *inferences* from it as they saw fit. No case, in our judgment, could be more free from doubt. The declaration or the silence of Cole had no tendency to prove an admission of the plaintiff's claim. We understand the English cases, in regard to admissions implied from silence, to go no farther than we now decide, although it is true the *dicta* of many of the elementary writers go farther.

The cases cited in Starkie's Evidence, 2d vol., p. 26, to support the general proposition that a presumption may be made of an admission of a party from acquiescence, *or silence,* are all where the party lies by during the *exercise* of a right *interfering* with his *claim,* or where the party, by his silence, has led another into a mistake, which amounts to a virtual fraud, unless he were to abide by his silence. *Steele* v. *Prickett,* 2 Stark. R. 471, [3 E. C. L. 473.] *Doe* v. *Allen,* 3 Taunt. 78. *Duncan* v. *Scott,* 1 Camp. 100. They are cases of acquiescence in the conduct of a party based upon that acquiescence, rather than of silence under the mere assertion of a claim, and when denial could be of no avail, but to lead to altercation. In this latter class of cases, I have not been able to find any decision justifying the presumption of admission from *silence merely.*

Judgment reversed and cause remanded for a new trial.