DANIEL MCCANN v. EDWARD F. HALLOCK.

*Evidence.  Parent and child.  Exceptions.*

If A's minor son has, without his father's consent, worked for B, and settled with him for a sum satisfactory to the minor, and the father afterwards makes a claim upon B for his son's wages, any of A's remarks at the time of making such claim, which have a tendency to show that A only claimed the difference between what his son received and the amount his services were really worth, are competent evidence in a suit in favor of A against B for the whole of his son's wages, as tending to show an adoption by A of the payment to his son.

And if A, at the time when he made the claim upon B, used expressions indicating that he adopted the payment made by B to his son, it was held, that the fact of his *silence* when he was, on that occasion, inquired of if he had not received a part of his son's wages, raised a presumption that he only claimed the balance of the value of his son's labor above what had been paid to him, and was therefore admissible in evidence against him.

It is a well settled rule of construction in regard to bills of exceptions, that nothing is to be presumed against them with a view to predicate error upon any decision of the court there detailed; but that all fair and just constructions and intendments should be made in favor of the decisions below.

ASSUMPSIT for the work and labor of Barney McCann, the minor son of the plaintiff. Plea, the general issue, and trial by jury, at the March Term, 1857,— KITTREDGE, J., presiding.

On trial the plaintiff introduced evidence tending to prove that the said Barney was his son and was a minor, and had left the plaintiff, who resided in Canada, without his consent, and without any authority from the plaintiff to make any contract for work or to receive any pay for his wages ; that Barney had worked for the defendant, in Castleton, from April 6, 1854, to the 30th of October following, and that his work was reasonably worth twenty dollars per month during that time, and that the plaintiff had never received anything toward his son's services while in the defendant's employ.

The defendant introduced testimony tending to prove that he made a contract with said Barney, supposing him to be twenty-two or twenty-three years old, to work for him for one year for one hundred and fifty dollars, and that Barney worked for him from April 6 to October 25, 1854, under that contract, when, by

mutual agreement, he left the defendant's employ, and the defendant settled with him, and paid him in full for his work up to that time at the rate of twelve dollars and a half per month, which was a full equivalent for his services, and that Barney was perfectly satisfied with the sum so paid him by the defendant. The defendant's testimony further tended to show that after this settlement the plaintiff called on the defendant in Castleton, and informed him that Barney was his minor son, and that he (the plaintiff) thought that the defendant ought to pay more than he had paid for his son's work, and said he would be satisfied with seventeen dollars and fifty cents, which sum the defendant declined to pay. It further appeared by the testimony of the defendant and Benjamin F. Langdon, Esq., that Mr. Langdon asked the plaintiff twice, distinctly, if he had not received some of Barney's wages, and that the plaintiff made no reply to either of said inquiries. This last evidence was objected to by the plaintiff, but was admitted by the court, and to its admission, as well as the following charge of the court, the plaintiff excepted.

The court charged the jury that if they should find from the evidence that the said Barney was the plaintiff's minor son while in the defendant's employ, and performed services for the defendant, and that the plaintiff never authorized Barney to make any contract for his work or to receive pay for his services, the plaintiff would be entitled to recover of the defendant what said Barney's services were reasonably worth while in the defendant's employ. But if the jury should also find from the evidence, that the plaintiff assented to or ratified the settlement made betwixt Barney and the defendant, and only claimed of the defendant what his services were reasonably worth more than was paid by the defendant, *in that event*, if the jury should find that the services were reasonably worth more than the defendant paid him on said settlement, they should return a verdict for such excess, and no more; or if they should find that his services were worth no more than the defendant paid him on said settlement, their verdict should be for the defendant.

The court further charged the jury that the evidence as to what the plaintiff said to the defendant, when he called on him in Castleton and informed the defendant that Barney was his minor

McCann *v.* Hallock.

son, and what he then claimed of the defendant, and the reasons which he then gave for said claim, was proper for them to consider in determining whether the plaintiff did approve and assent to the settlement made betwixt the defendant and said Barney; and that the testimony of the defendant and Mr. Langdon, as to the plaintiff's refusal or neglect to answer whether he had received any part of his son's wages, was also proper for them to weigh, as tending to show the plaintiff's assent to and approval of said settlement, as well as that he (the plaintiff) had received a portion of said wages, although such testimony, unsupported by other proof, was entitled to but very little consideration. The jury returned a verdict for the defendant.

*R. R. Thrall,* for the plaintiff.

*C. L. Williams,* for the defendant.

The opinion of the court was delivered by

REDFIELD, Ch. J. I. We are not prepared to say there was no evidence tending to show that the plaintiff assented to and adopted the payment made to his son. It seems to us that the conversation detailed, and the form of the claim which the plaintiff made upon the defendant, did tend to show that the plaintiff intended to have the defendant understand that he did not repudiate the payment. And if he did not repudiate it, and made no claim upon the defendant except for the balance of his son's earnings, it was equivalent to an adoption and ratification of the payment to the son, as far as it went. And this is the view in which the case seems to have been put to the jury; for although the judge uses the term "settlement," the whole sentence, taken together, shows that he meant only the payment made at the time of the settlement with the son, for he expressly tells the jury not to give a verdict for the defendant, unless he had paid the full value of the services rendered by the son.

II. The most important question in the case, is in regard to the effect of the plaintiff's silence when inquired of by Langdon whether he did not receive some of his son's wages. It seems to be well settled in this state that the mere silence of a party, under

ordinary circumstances, when a claim is made upon him, or he is asked a question in regard to his claims or pretensions in reference to a pending or expected litigation, is no ground of presuming against him. *Mattocks* v. *Lyman*, 16 Vt. 113; *Gale* v. *Lincoln*, 11 Vt. 152; *Vail* v. *Strong*, 10 Vt. 457.

But all the cases recognize some exceptions to this rule. When a man is charged with a breach of duty, personal or official, if innocent he is, ordinarily, expected to reply, and his silence does raise a presumption of guilt, more or less strong according to circumstances. So, too, when the inquiry is fairly and honestly made by a party having an interest in the question, with a view to regulate his own conduct. If, under such circumstances, the party inquired of knows, or has good reason to believe that his silence will induce the other party to act upon the silence as an affirmative answer, and he remains silent, he should be as much bound, perhaps, as if he had made a positive admission of the fact inquired after.

The great difficulty in the present case is, to know under what circumstances these inquiries were made. If made independently of all other conversation at the time, and for the purpose of obtaining evidence, it is certain that, upon the principle adopted in the cases already referred to, the plaintiff had the right to remain silent without being compromised thereby.

The case is entirely silent upon this point. The statement in the bill of exceptions is consistent with the view that nothing more was said at the time, and also consistent, as it seems to us, with the view that these inquiries were made of the plaintiff at the time of his stating his claim to the defendant, for it is stated that the defendant testified to the same inquiries and silence of the plaintiff, as did also Mr. Langdon. It is stated immediately in connection with the other part of the conversation, and it can only be determined by intendment and construction, whether it formed part of that conversation or not. But upon the familiar rule of construction in regard to bills of exceptions, that nothing is to be presumed against them with a view to predicate error upon any decision of the court there detailed, but that all fair and just constructions and intendments shall be made in favor of the decisions below, we feel bound to regard these inquiries as made at the same time the plaintiff

McCann v. Hallock.

made known the nature of his claim to the defendant. And if so, it seems to us that the defendant, from his peculiar situation, had a right to know whether the plaintiff wholly repudiated the payments made to his son, or only claimed that the amount was insufficient. This was certainly a very important matter for the defendant to know in order to regulate his conduct in regard to resisting the claim; and if the plaintiff, by his silence in connection with what he did say, gave the defendant fairly to understand that he made no claim in regard to what had been paid his son, he should not now be allowed to put his claim upon other grounds. And as the defendant had the right to make the inquiry and be informed of the fact, if he made the inquiry at a proper time and in a proper manner, and for the *bona fide* purpose of obtaining the knowledge which was necessary for his security, and the plaintiff, after having made a distinct claim for only what he denominated the balance of his son's wages above what had been paid, and when inquired of whether he had not received part of his son's wages, remained silent, it did fairly, as it seems to us, raise a presumption against him that he intended to adopt the payment to his son, as far as it went, and only claimed the balance. It does not appear that the court gave the testimony any greater effect than it was fairly entitled to have. In the case of *Mattocks* v. *Lyman* it was expressly held, that if the party consents to make any declarations upon the subject inquired after, he then makes all that is said to him on the occasion, and his silence as well as his answers, evidence to go to the jury, and they are to determine its weight. And that seems to be precisely this case, so that, upon both these grounds, the omission to give any reply to this particular inquiry seems to have been properly submitted to the jury as evidence.

Judgment is affirmed.