## NATHANIEL PERRY v. HARVEY S. DOW.

*Evidence.   Estoppel.   Silence of Party.   Chattel Mortgage.*

When one is under no obligation to take part in a conversation between two parties
he is not estopped by his silence or failure to deny the truth of a statement
made by one of them; thus, in an action of trover for the conversion of prop-
erty secured by a chattel mortgage, evidence is not admissible to prove that
the mortgagee, immediately after the mortgage was executed, and in the
presence of the mortgagor, and without his denial, told the justice who
administered the oath to the parties that there was no consideration for the
mortgage, and that it was given for a cover; nor what the justice said.

TRESPASS and trover for certain personal property secured
by a chattel mortgage executed by defendant to the plaintiff.
Trial by jury, September Term, 1885, Washington County,
TAFT, J., presiding. Verdict for the plaintiff. The defend-
ant testified that the mortgage was given without consideration
and as a cover to prevent attachment; that plaintiff told him
to sell any and all the property specified in the mortgage;
that he did sell and use it as though no mortgage had been
given. The defendant offered to prove, as stated in the
opinion, what he said to the justice who administered the
oath, and also what the .justice said in reply to plaintiff and
defendant, namely: " You will get into trouble about this;
and if I had known it, I would not have had anything to do
with the execution of the chattel mortgage." The defendant
was allowed to prove the plaintiff's answer to the justice,
namely: " Harve (meaning the defendant) and I won't have
any trouble about this."

*S. C. Shurtleff*, for the defendant, cited, to prove that the
evidence was admissible: *Rex* v. *Smithies*, 5 C. & P. 332;
s. c. 24 E. C. L. 591; *Rex* v. *Bartlett*, 7 C. & P. 862; s. c.
32 E. C. L. 896; *McCann* v. *Hallock*, 30 Vt. 233; *Fenno* v.
*Weston*, 31 Vt. 345.

*J. P. Lamson*, for the plaintiff, cited, to prove that the

evidence was not admissible : 2 Stark. Ev. 28, 37, 100, 398 ; *Vail* v. *Strong*, 10 Vt. 457 ; *Warden* v. *Powers*, 37 Vt. 619 ; *Banfield* v. *Parker*, 36 N. H. 356 ; Greenl. Ev. s. 126 ; *Chase* v. *Spencer*, 27 Vt. 412 ; *McCann* v. *Hallock*, 30 Vt. 233 ; *Gale* v. *Lincoln*,, 11 Vt. 152. .

The opinion of the court was delivered by

ROYCE, Ch. J.    The only question presented by the exceptions is as to the admissibility of certain testimony that was offered by the defendant.    After the mortgage had been executed and delivered to the plaintiff, but before the parties had left the room in which it was executed, the defendant offered to show by himself and the justice, who administered the oath to the parties, that he told the justice there was no consideration for the mortgage, that it was given for a cover, and there was nothing to it, and the reply that was made by the justice.   The defendant was allowed to prove the reply made by the plaintiff, and he had testified to the fact that there was no consideration for the mortgage, and the purpose for which it was given.    .

The only purpose to be answered by the introduction of that evidence was to lay the foundation for the claim that the plaintiff, by his silence, or failure to deny the truth of the statement made by Dow, was estopped from denying its truth.    He would be so estopped if the statement was made under such circumstances as called for a denial by the plaintiff.    It will be noticed that the statement was not directed to him, and that he was not called upon to admit or deny its truthfulness.    He was under no obligation to notice or take part in the conversation that was going on between the defendant and the justice, and his neglect to do so did not prejudice his rights.    The question of the admissibility of such evidence was before this court in *Vail* v. *Strong*, 10 Vt. 457 ; *Gale* v. *Lincoln*, 11 Vt. 152 ; and in other cases cited on page 279 of Roberts's Digest, and it was held inadmissible.

The evidence was properly excluded, and the judgment is affirmed.