## GILPIN V. ADAMS.

1. THE STATUTE OF LIMITATIONS IS PLEADABLE TO ANY ONE OR ALL OF SEVERAL DISTINCT CAUSES OF ACTION, THOUGH EMBRACED IN A SINGLE COUNT.— When a complaint states several distinct causes of action — as for moneys expended for the use of defendant; for services performed by plaintiff as agent of the defendant; for the use of property by the defendant, etc.,— the statute of limitations may be pleaded to each or all of these several' items, although all are joined in one count.    It is therefore not a valid objection to a judgment in such case that the court, after the commencement of the trial, permitted the plaintiff to dismiss without prejudice his action as to all but two of the items declared upon, thus preventing the defendant from pleading the statute of limitations to the latter items, as he would have done had they been originally declared upon in this form.    Such an objection could not be available in any case unless accompanied by a seasonable offer by the defendant to so amend his answer as to set up the statute as a defense.

2. LANDLORD AND TENANT — A VALID LEASE, IN THE ABSENCE OF SOME DEFAULT BY TENANT, NO DEFENSE TO A SUIT BY LATTER AGAINST HIS LANDLORD UPON A DIFFERENT CAUSE OF ACTION.— It is not a valid defense to an action for services, and for moneys expended for use of the defendant, that plaintiff held a lease of a tract of

land from defendant, on which he grazed a large number of animals without paying anything for the privilege, when the lease itself shows that it was given in consideration that the lessee would construct and maintain fences and irrigating ditches, plant trees, erect certain buildings, pay taxes and generally keep the premises in good repair. The lease shows ample consideration for the use of the land, and, in the absence of some default on part of the lessee, is no defense to an action upon a wholly different agreement.

*Appeal from District Court of Rio Grande County.*

Messrs. MARKHAM & DILLON and W. M. MAGUIRE, for appellant.

Mr. JOHN L. JEROME, for appellee.

RICHMOND, C. In this action, plaintiff below, appellee here, sought to recover for moneys paid out and expended by plaintiff for the use of defendant, and for services performed by plaintiff as agent in and about the management of certain property known as the "Baca Grant," and for services in and about the mining property of the defendant on said grant, and the leasing of the same, and for the use of horses furnished by the plaintiff for the use of defendant, at his request, and for interest upon divers sums of money advanced by the plaintiff for the use of the defendant, at his request.

The form of the complaint is in the nature of a declaration upon consolidated common counts. After the impaneling of the jury, plaintiff made application to be allowed to dismiss without prejudice all the items of account described in the complaint, except the items for money paid out and expended, and for services as agent from November 1, 1878, to August 1, 1883. This application was granted, and thereafter the cause was tried to a jury, and verdict rendered in favor of plaintiff for the sum of $8,055.55. Six thousand seven hundred and fifty dollars was allowed plaintiff for services, and $1,305.55 for moneys advanced and expended. Motion for a new trial was interposed, whereupon the court in-

timated that, unless the plaintiff remitted the sum of $1,305.55, a new trial would be granted. The intimation of the court was acted upon. Thereafter judgment was rendered upon the verdict for the sum of $6,750.

Fourteen errors are assigned, eight of which are to the admission of evidence over the objections of defendant. The others are addressed to alleged errors in overruling appellant's motion for a nonsuit and motion for a new trial, and permitting the appellee to remit so much of the amount embraced in the verdict as related to moneys expended, and that the verdict was contrary to the evidence. But one error specifically assigned is discussed in the brief of appellant. Counsel for appellant confine their discussion to two points: *First,* that the verdict was clearly contrary to the evidence; therefore a new trial should have been granted. *Second,* that after the commencement of the trial the court permitted the appellee to dismiss without prejudice as to all the items declared upon except two.

We will discuss the second point first, although we are not prepared to admit that this point is entitled to consideration in this court. No exceptions were taken at the time the court permitted the plaintiff to dismiss the action upon the various items referred to, nor is it specifically assigned for error. It is claimed, however, that it was embraced in the application for a new trial, and that, inasmuch as exceptions were reserved to the action of the court in overruling the motion for a new trial, it is a legitimate subject for discussion on appeal. While not conceding this claim of appellant, we will, however, determine the question.

Appellant contends that striking out the various items from the complaint changed the character of the action, and prevented the defendant from pleading as he would have pleaded if the action had been brought originally on the two items only,—that of service performed, and money expended; that, as the suit was originally brought,

it was on a book-account, and consisted of more than thirty items, running through a series of years from 1878 to 1886; and that, the last item of the account being within the statute of limitations, the defendant was not at liberty to plead the statute, whereas, if the action had been brought for salary for services only, the defendant could have so pleaded.

The complaint does not set out a claim upon a book-account, nor does the record contain the itemized statement referred to in the appellant's argument; and it nowhere appears in the record that at the time of the application, and granting of the same, appellant then and there made application to amend his answer by interposing the plea of the statute of limitations. If, as he says, the plea could have been and would have been interposed, had the action been confined to a claim for services, we see no reason why, to this particular item, he might not, upon application, have so amended his answer as to interpose the statute; nor can we agree with the position taken by appellant, that he could not in the first instance, by answer, have raised the question of limitation to the claim for services. Several causes of action were joined in one count. To this form of complaint no objections were made, and each particular item was as definitely set forth as though the complaint had contained as many particular causes of action as there were items; and the statute of limitations could have been pleaded to each or all of the items so distinctly enumerated in the complaint. *Schillo v. McEwen*, 90 Ill. 77.

When several counts are thus used, the defendant may, according to the nature of his defense, demur to the whole, or plead a single plea applying to the whole, or may demur to one count and plead to another, or plead a separate plea to each count; and in the two latter cases the result may be a corresponding severance in the subsequent pleadings, and the production of several issues.

But, whether one or more issues be produced, if the decision, whether in law or in fact, be in the plaintiff's favor as to any one or more counts, he is entitled to judgment *pro tanto*, though he fail as to the remainder. Steph. Pl. 257, 258.

Several causes of action may be joined in one count, and it will not be necessary to prove all the causes alleged. Recovery may be had *pro tanto*. Puter. Pl. & Pr. 69. We deem it too late for the plaintiff now to insist on the right to interpose the statute of limitations. Upon proper showing the court would and could, under the code, have permitted, in the furtherance of justice, an amendment to his answer; and inasmuch as it was in his power to plead the statute, in the first instance, to the particular item for which recovery was had, we do not think that he should now be permitted to complain.

As to the first point, the main contention of appellant is that Adams had a lease of this grant, or a portion of it, upon which he grazed a large amount of stock, and for which privilege he paid no compensation. The lease which was executed between the parties does not support the argument. By the terms of that lease it appears that a certain portion of the Baca grant was leased to plaintiff, and that, in consideration of the lease of the premises, plaintiff agreed to construct and maintain a good and substantial fence, with double posts of cedar or pitch pine, not less than seven and one-half feet long, around the entire tract of ground, which was to be completed within a year from the 1st of November, 1878; that he would pay all taxes then due, and all taxes thereafter levied upon the premises during the lease; that he would construct with all due diligence an irrigating ditch upon the premises, sufficient and capable of irrigating all of the bottom lands practically capable of irrigation; that he would plant one or more rows of cotton-wood or other shade trees along the north line of the fence to be constructed, and that he would construct lateral ditches

for the purpose of irrigating lands lying along the various creeks on the said grant; that he would build and maintain in good repair upon the premises an adobe brick dwelling of not less than four rooms, and such barns, granaries, *corrals* and other outhouses and inclosures as may be needed from time to time during the continuance of the lease; and further, that he should construct bridges where they were necessary over the creeks and streams of water for irrigating ditches, where the roads crossed them, and should keep all the improvements so constructed by him in good order and repair during the continuance of the lease, and at the expiration thereof yield the possession of the same to the party of the first part in like good order and condition, and the said improvements were then to be and become the property of the party of the said first part.

It was further provided by the lease that all the timber and mining lands comprised within the grant were reserved from the operation of the lease to the uninterrupted use and disposal of the party of the first part, and provided, further, that the party of the second part should have the care and custody of the mining and timber lands, and keep trespassers therefrom, and should be permitted to use so much timber as he desires for fencing and building purposes and repairs, for fuel, and such other purposes necessary for the maintenance and improvement of the premises.

This, it seems to us, was ample consideration for the privilege of occupying the land, and grazing stock thereon. But, in addition to the plaintiff becoming the tenant of defendant, he was employed by the defendant in and about the mining premises situated on the grant, in securing a recognition of the defendant's title by a large number of persons occupying certain portions of the tract, and in securing such persons, engaged in mining thereon, to take from the defendant a lease of the premises. Indeed, the evidence discloses the fact to be

that plaintiff had general control of the entire tract of land. No complaint, it seems, was ever made to his conduct or acts as agent; and all of such acts as such agent were recognized by the defendant. The testimony establishes the employment of appellee by appellant, and an agreement to pay him reasonable compensation for such services. At least, from all the testimony, such was the conclusion of the jury; and, no definite sum having been agreed upon, they were justified in determining, under the complaint and proof, what such services were reasonably worth. *Mattocks v. Lyman*, 16 Vt. 113; Wood, Mast. & Serv. § 100.

To our mind, there was sufficient evidence to warrant the jury in finding for the plaintiff, and, from all the evidence, we are not prepared to say that the amount of the verdict as compensation was in excess of the actual services rendered. The judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

HAYT, J., not sitting.