THE STATE OF MISSOURI, Respondent, *v.* JNO. W. MILLER AND CHRISTIAN SCHAFFLER, Appellants.

49 505
98 106

49 505
41a 476
41a 478

49 505
43a 390

1. *Witnesses — Testimony, contradictory — Disregarded, when.*—If a witness contradict himself on any material point, his testimony may be disregarded.
2. *Evidence — Qui tacet, etc.* — Statements made in the presence of a party sought to be bound by them, and not denied, are competent evidence against him.

*Appeal from St. Louis Criminal Court.*

*T. G. C. Davis,* for appellants.

ADAMS, Judge, delivered the opinion of the court.

The defendants were convicted of the crime of obtaining property from one Patrick W. Hassett, by false pretenses. The evidence given on the trial strongly conduced to prove the guilt of the defendants.

After the close of the evidence the court, on its own motion, gave instructions to the jury covering the whole case, and submitting to them, as a question alone for their consideration, the

credibility of the witnesses. The defendants objected to this part of the instruction, and asked the court to declare that if a witness contradicted himself in any material matter they might disregard his testimony. This as an abstract proposition of law was correct, but the court, in substance, had already so instructed the jury.

The prosecuting witness referred to some declarations of Hill in regard to the title of some property in Illinois. These declarations were objected to by the defendant, but they were afterward repeated to the defendant, and he did not deny them, and they thereby became competent evidence.

It seems that the prosecutor was endeavoring to find out whether the defendants did own property in Illinois, as they had represented to him, and for this purpose applied to Hill, who told him they did not, and he communicated the fact to them and they did not deny it. We think the evidence, taken altogether, was admissible.

I have carefully examined the matters excepted to in this record, and find no error in the rulings of the court.

Let the judgment be affirmed. The other judges concur.