FOURTH NATIONAL BANK OF ST. LOUIS, Respondent, v. ELIAS NICHOLS, Appellant.

<div style="float:right">43 385 126m 496</div>

### St. Louis Court of Appeals, January 27, 1891.

1. **Evidence:** TACIT ADMISSIONS BY SILENCE: HUSBAND AND WIFE. The fact that a wife in her husband's presence made an admission against his interest, and that he made no reply thereto, cannot render the declaration competent evidence against him as an admission on his part, unless the circumstances are such as to raise an estoppel against him, or such that she would be a competent witness against him, as where she acts as his agent. The general rule as to the admissibility of declarations of a third person in the presence of a party, when such party remains silent, considered.

2. **Instructions:** HUSBAND AND WIFE. A defendant asked the court to instruct the jury that his wife was incompetent to testify in his behalf in an action wherein this was the case. The court modified the instruction by adding that, if she had been offered as a witness, the plaintiff could have waived the objection to her competency, and allowed her to testify. *Held* that the defendant was entitled to the instruction in the form in which it was asked, and that the modification of it was prejudicial error.

3. **Attachment:** FRAUDULENT DISPOSITION OF COMPARATIVELY SMALL PART OF ASSETS: INSTRUCTIONS. An instruction directed the jury to find for the plaintiff if any one of the grounds alleged had been established by proofs satisfactory to them, and, therefore, if they found that a certain conveyance of lands for $19,750 was made with fraudulent intent, or if said $19,750 was concealed with fraudulent intent, or if a certain check for $386.65 had been collected and the proceeds thereof fraudulently concealed or disposed of. *Held* that the reference to this check was erroneous in singling out evidence and warranting a recovery for a transaction which was comparatively insignificant, and which, if the other instructions complained of were valid, would be insufficient to sustain the attachment.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Montague Lyon*, for appellant.

(1) The check from Rice, Stix & Co. to the appellant was inadmissible in evidence, and should have been excluded as having no bearing on the points at issue. *Frederick v. Allgaier*, 88 Mo. 598; *Ritter v. Bank*, 87 Mo. 575. The testimony of the witness Gershon to the effect that Mrs. Nichols, in the presence of her husband, in answer to a question addressed to her by Mr. Baum, stated that "she didn't want his creditors to get their money," was inadmissible, *first*, because Mrs. Nichols was the wife of the appellant, and was not a party to the suit. R. S. 1889, sec. 8922, which is the same as R. S. 1879, sec. 4014; 1 Greenl. Ev. [14 Ed.] sec. 341, p. 437; *Martin v. Rutt*, 17 Atl. Rep. (Pa.) 993. And, *secondly*, because it was not shown that the conversation between Mr. Baum and Mrs. Nichols was directed to the appellant or brought to his attention; because the remark of Mrs. Nichols did not, under the circumstances, require a reply from the appellant, and because the appellant was not in a condition to make a reply, even though it was necessary. 1 Greenl. Ev. [14 Ed.] sec. 197, p. 257, and note *a*, on p. 258; *Mattocks v. Lyman*, 16 Vt. 113; *Hersey v. Barton*, 23 Vt. 685; *Tufts v. City of Charleston*, 4 Gray, 537; *Rolfe v. Rolfe*, 10 Ga. 143; *State v. Glahn*, 97 Mo. 679. (2) The fourth instruction given by the court at the instance of the respondent was improper, because it singled out certain evidence to establish the respondent's case; because it was a commentary on the evidence, and because it was unwarranted by the evidence. *Wilburn v. Railroad*, 36 Mo. App. 203; *Schaffner v. Leahy*, 21 Mo. App. 110; *Dearing v. Fletcher*, 37 Mo. App. 122; *Newcomb v. Jones*, 37 Mo. App. 475; *Sturgess v. Crum*, 29 Mo. App. 644; *Beauchamp v. Higgins*, 20 Mo. App. 514. (3) The court erred in giving the second instruction of its own motion, for the reason that the wife of the appellant being disqualified by law

to testify in his behalf, the court should have so told the jury without a modification based upon a possible waiver of the disqualification by the respondent. R. S. 1889, sec. 8922; *Holman v. Bachus*, 73 Mo. 49; *Waddle v. McWilliams*, 21 Mo. App. 298.

*Lubke & Muench*, for respondent.

(1) In issues of fraud trial courts must be liberal in the admission of evidence. *Young v. Kellar*, 16 Mo. App. 550; *Smalley v. Hall*, 37 Mo. 102. It was also competent to fix dates. *Ritter v. Bank*, 30 Mo. App. 652. (2) The testimony of the witness Gershon showing the declarations made by Mrs. Nichols in her husband's presence as to the purpose of the sale to Rosinsky was competent as admissions of Nichols. *State v. Devlin*, 7 Mo. App. 32; *State v. Miller*, 49 Mo. 505; *State v. Hamilton*, 55 Mo. 521. (3) The instructions given for respondent were correct. They did not single out particular facts or make comments on the evidence. In so far as they drew the jurors' attention to the two transactions upon which respondent relied they were in no wise objectionable. They could not have been framed otherwise unless it is the duty of the court to so frame its instructions that the jury must grope around to find out what transactions are referred to. (4) There was no error in modifying appellant's instructions as to the competency of the wife to testify. The failure of appellant to call his son as a witness to explain what was done with the money obtained from Rosinsky, and also to call Rosinsky for the same purpose, or to explain their absence, was presumptive evidence in favor of respondent to sustain the charge of fraud. *Baldwin v. Whitcomb*, 71 Mo. 651.

THOMPSON, J.—In this case there was a judgment for the plaintiff on the issue raised by a plea in abatement in a suit by attachment, in respect of the second ground of attachment, which was that the defendant

had "fraudulently concealed, removed or disposed of his property or effects so as to hinder or delay his creditors." The only questions, which arise on the record, concern certain rulings of the court at the trial of the issue raised by this plea in abatement. We conclude, from an examination of the record, that there was evidence to take the case to the jury upon the issue, whether the defendant had fraudulently concealed or disposed of his property or effects so as to hinder or delay his creditors, and we do not think that this question calls for any special observations on our part. We are also of opinion that no error was committed by the court in the admission of evidence, except in the particulars hereafter stated.

I. The evidence was to the effect that, on the first day of February, 1889, the defendant, his wife joining in the deed, conveyed several tracts of freehold and leasehold property, situated in the city of St. Louis, to his nephew, Henry Rosinsky, for the expressed consideration of $19,750. There was some evidence from which the jury might have inferred that a fair investment value of this property was $22,000. Whether this was all the real estate owned by the defendant was not shown by the evidence. Payment of the consideration was made by Rosinsky in currency to Mrs. Nichols, the wife of the defendant, and their son, in the back room of a real estate office. There was also evidence to the effect that, about the same time, he promised one of his creditors, Joseph Baum & Co. of St. Louis, to whom he was indebted in the sum of $353.25, payment out of a certain check for the sum of $386.65, which he expected to receive from Rice, Stix & Co. ; that, on the afternoon of February 4, he received this check, and, being requested by Baum & Co., to keep his word and pay them out of it, he refused so to do. When Mr. Baum, of the firm of Baum & Co., and his bookkeeper, Mr. Gershon, learned, on the afternoon of February 4, that the defendant then had the check, they followed him to

various places, with the view of getting the check or the money from him. Late in the evening of that day they made a peremptory demand upon him for the check, in the presence of his wife, at a millinery store on Franklin avenue, formerly his, but then carried on by her. He refused to give up the check, or to make arrangements with them for paying their claim out of it. The next morning he called upon a friend, a business man in St. Louis, who identified him at the Bank of Commerce, on which bank the check was drawn, and collected its proceeds over the counter, instead of depositing it with his own banker and collecting it in the usual way.

Mr. Gershon, testifying as a witness for the plaintiff, gave evidence to the effect, that, when he and Mr. Baum were at the millinery store of Mrs. Nichols, on the occasion just referred to, trying to get the check from Mr. Nichols, there were also present Mr. Baum, Mrs. Nichols, Mr. Rosinsky, the nephew of Mr. Nichols, to whom the conveyance of the real estate had been made, and possibly a son or daughter of Mr. Nichols; and they were all standing in a bunch within a radius of five or six feet, when he asked Mrs. Nichols why Mr. Nichols had conveyed away his property, to which Mrs. Nichols replied, "She didn't want his creditors to get their money." This question was allowed to be put, and the answer elicited, against the objection of the defendant; and the admission of this evidence is one of the errors assigned. Other evidence showed more fully the circumstances under which this declaration was made. These circumstances were that the question had been repeatedly put to Mr. Nichols who refused to speak, either because he would not, or could not from some infirmity of health, the evidence is contradictory which, and that Mr. Gershon, having failed to induce Mr. Nichols to say anything on the subject, turned and put the question to Mrs. Nichols, eliciting the answer stated.

The court admitted the evidence, on the theory that as Mr. Nichols was present, and probably within hearing,

his failure to speak was tantamount to an admission or adoption of the statement of his wife. Of course the evidence was not admitted on the theory that the declarations of the wife were of themselves competent to affect the husband. The law, on the grounds of public policy, seals her lips as against him, and the principle which refuses to allow her to testify against him on the witness stand, for stronger reasons, excludes her unsworn declarations against him or against his interest. *Rideout v. Knox*, 148 Mass. 368 ; s. c., 12 Am. St. Rep. 560 ; *May v. Sturdivant*, 75 Iowa, 116 ; s. c., 9 Am. St. Rep. 463.

Whether a declaration in the presence of a party sought to be affected by it, contrary to the interest of such party, or in disparagement of his conduct, can be admitted in evidence against him on the ground, that he did not reply to it, is often a very difficult question. It has been several times held in this state that this species of evidence is admissible even in criminal cases. *State v. Miller*, 49 Mo. 505 ; *State v. Hamilton*, 55 Mo. 520 ; *State v. Devlin*, 7 Mo. App. 32. In a late criminal case (*State v. Glahn*, 97 Mo. 679) our supreme court has imposed the limitation on the rule, stated by Dr. Greenleaf and by many of the judges, that the rule has no application except where the statement is one which *calls for action or reply* on the part of the defendant. 1 Greenl. Ev. 197. This is the true foundation of the rule. It does not rest, in most cases, upon any principle of estoppel, but it rests upon the theory that the party sought to be charged would, if he could, make reply to the disparaging statement. The rule is, therefore, grounded upon the fact, that the declaration is one which naturally calls for a reply on his part, which reply he fails to make. The rule was thus stated by Chief Justice SHAW in a leading case : " If a statement is made in the hearing of another, in regard to facts affecting his rights, and he makes a reply, wholly or partially admitting their truth, then the declaration and the reply are both admissible ; the reply, because it

is the act of the party, who will not be presumed to admit anything affecting his own interest, or his own rights, unless compelled to it by the force of truth; and the declaration, because it may give meaning and effect to the reply. In some cases, where a similar declaration is made in one's hearing, and he makes no reply, it may be a tacit admission of the facts. But this depends on two facts: *First*, whether he hears and understands the statement, and comprehends its bearing; and, *secondly*, whether the truth of the facts embraced in the statement is within his own knowledge, or not; whether he is in such a situation that he is at liberty to make any reply; and whether the statement is made under such circumstances, and by such persons, as naturally to call for a reply, if he did not intend to admit it. If made in the course of any judicial hearing, he could not interfere and deny the statement; it would be to charge the witness with perjury, and alike inconsistent with decorum and the rules of law. So, if the matter is of something not within his knowledge; if the statement is made by a stranger, whom he is not called on to notice; or if he is restrained by fear, by doubts of his rights, by a belief that his security will be best promoted by silence; then no inference of assent can be drawn from that silence." *Commonwealth v. Kenney*, 12 Metc. (Mass.) 235; s. c., 46 Am. Dec. 672. This statement of the rule is reaffirmed in Massachusetts in *Commonwealth v. Brown*, 121 Mass. 69; *Commonwealth v. Roberts*, 108 Mass. 296; *Commonwealth v. Walker*, 13 Allen (Mass.) 570; *Commonwealth v. Densmore*, 12 Allen (Mass.) 535; *Larry v. Sherburne*, 2 Allen (Mass.) 34. In Vermont this limitation is placed upon the rule, that, unless a claim is asserted by the claimant or by his agent, and distinctly made *to* the party, and calling naturally for a reply, mere silence is no ground of inference against him. *Vail v. Strong*, 10 Vt. 457; *Gale v. Lincoln*, 11 Vt. 152; *Mattocks v. Lyman*, 16 Vt. 113. In the case last cited the supreme

court of Vermont, speaking through Judge REDFIELD, say : " When the claim is made for the mere purpose of drawing out evidence, as, in the present case, it is obvious must have been the fact, or when it is in the way of altercation, or, in short, unless the party asserting the claim does it with a view to ascertain the claim of the person upon whom he makes the demand, and in order to know how to regulate his own conduct in the matter, and this is known to the opposite party, and he remains silent, and thereby leads the adversary astray, mere silence is, and ought to be, no ground of inference against anyone. The liabilities to misapprehension, or misrecollection, or misrepresentation are such, that this silence might be the only security."

There is not so much difficulty in understanding the principle on which the rule rests, as there is in applying it. It is evident that, if not carefully guarded, it may become the means of fraud. A party desiring to manufacture evidence against another, may procure an interview with him in the presence of witnesses, and put questions to him under circumstances, in which, owing to his timidity or to his embarrassing situation, he does not feel at liberty to answer them, and may thereby manufacture evidence against him out of his innocent silence. In none of the cases upon this question, which have been decided in this state, has it been much considered on principle. In *State v. Miller*, 49 Mo. 505, certain declarations were repeated to the defendant, and he did not deny them. It was held that they thereby became competent evidence against him. In *State v. Hamilton*, 55 Mo. 520, the case was an indictment for murder. A witness for the state testified that, on the evening when the homicide was committed, he was on the farm of the deceased ; that two or three men, whom he named, brought a revolver out of the house, and that the defendant went into the house with them when they got it. The prosecuting attorney then asked the witness this question : " What, if

anything, was said by any person, in the presence and hearing of the defendant, about where the revolver was found?" The witness answered that he heard one of the men say, in the presence of the defendant, that they found the pistol upstairs between the bedclothes. The witness was then asked, against the objection of the defendant, whether he heard anyone say, in the presence and hearing of the defendant, anything about the defendant having shown him the revolver. To this the witness answered that, when the men came down stairs together and out of the door, one of them stood in the presence of the defendant, and only a step or two distant from him, and said that they had got the pistol upstairs between some bedclothes. The court held this evidence inadmissible; but, in the state of the evidence, the court found that it was not prejudicial. Judge WAGNER, in giving the opinion of the court, said : "It is not in all instances, where declarations are made in the presence and hearing of a person, that those declarations can be given in evidence against him ; they frequently call for no reply, and sometimes they are impertinent and deserve no notice. Unless it is shown that the party is immediately concerned, and that, unless he did speak, his silence might fairly be construed into an admission, the declarations will not be admissible. No proper foundation had been laid when this evidence was admitted." This ruling is analogous to that which was made in the leading case in Massachusetts, already cited. *Commonwealth v. Kenney*, 12 Met. (Mass.) 235, s. c., 46 Am. Dec. 672. That case, stating it very briefly, was an indictment for the larceny of certain money in a bag from the person of one Rusell. It was held error to admit evidence of declarations, made by Rusell in the presence of the accused, after he had been arrested, to the effect that the accused had stolen the money from him, and other declarations relating to the fact, they not having been stated in the form of questions addressed to the

prisoner, but having been stated to the watchman who arrested him.

So far as we know, the only case in this state where it has been held that such declarations are admissible, when they were not addressed directly to the party sought to be charged by them, is the case of *State v. Devlin*, 7 Mo. App. 32. That was a prosecution for murder. It appeared that the accused had been brought into the presence of the deceased before her death, and that she recognized and identified him as the man who had shot her. The report simply states that she said that he was the man who shot her. This court held the evidence admissible, from the fact of the apparent acquiescence of the defendant, when he might have contradicted the statement,—taking the view that placed it on the footing of an *admission* by the defendant himself. The court reasoned that; "it involved a matter of vital concern to the defendant, and was made under circumstances in which any man, if innocent, would be expected to deny the truth of the charge." It is evident that this case was not well considered. The court overlooked the consideration,—worthy of at least attention in such a case,—that thus to accuse a prisoner and to manufacture evidence against him out of his silence, in a case where he is privileged from speaking, may have been a violation of his constitutional privilege against giving evidence against himself. The principle, which excludes comment on the failure of the prisoner to take the witness stand and explain damaging evidence giving by the state's witnesses, against him, would seem to have rendered this evidence of his silence, when accused by the deceased, inadmissible.

We have thus gone at considerable pains over such applicatory authorities, as we have been able to collect; and we would feel some difficulty in disposing of the question, in view of the decisions in this state, were it not for the consideration that, in the case before us, a

circumstance arises which is not presented in any of the cases which we have found. Here the declaration, sought to be made evidence against the defendant because of his silence, was not only not addressed to him personally, but it was also made by a person whose mouth the law seals as a witness against him, on grounds of public policy. No case has been cited to us which holds that declarations of the wife against the interest of the husband, made in his presence and not denied by him, can be thus turned into evidence against him. The general rule which renders her incompetent as a witness for or against him, proceeds on the ground that, to establish such competency, would have a tendency to mar the peace and harmony of the marital relation. The very principle on which the rule is founded is violated where the husband is to stand under an obligation to contradict, in the presence of third parties, a statement made by his wife which may be opposed to his interest. The law having, in general, sealed her mouth as a witness against him, he is under no legal obligation to pay attention to the statements which she may make in his presence, and in the presence of others, affecting his interest, unless the circumstances are such that she would be competent as a witness in the premises, as where she acts as his agent, or unless the circumstances are such that his silence ought to raise an estoppel against him.

We must, therefore, conclude that error was committed in admitting this evidence. That it was seriously prejudicial, cannot be doubted. The evidence showed that the defendant's wife had considerable to do with the conveyances made to the nephew Rosinsky. She seemed to have joined with him in the deeds for the purpose of relinquishing her dower, and the consideration money was paid over to her. The ruling, therefore, had the effect of throwing her declaration into scale against him on a vital point of the inquiry.

II.   The defendant requested the following instruction :   "The court instructs the jury that the wife of the defendant is incompetent to testify in behalf of the defendant."   The court refused this instruction as asked, but gave it with the following addition :   "But the court further instructs the jury that, if she had been called as a witness on behalf of the defendant, it would have been lawful and competent for the plaintiff to have waived any objection to her competency, and to have allowed her to testify as a witness in the case."  We are of opinion that the modification of this instruction was prejudicial error against the defendant.   We do not see in the record any offer on the part of the plaintiff to waive any objection, which it might have made to the competency of the defendant's wife, if offered as a witness in his behalf ; and, if it had disclosed such an offer, we think that it would have made no difference.   The reasons, which exclude a wife as a witness in an action where her husband is a party, rise above the rights of any party to any action, civil or criminal.   They concern the welfare of society.   As the wife is thus rendered incompetent by the policy of the law, there is no principle of law which puts the husband under any obligations to tender his wife as a witness to the opposite party, or to give him the opportunity of either objecting to her competency or of waiving such an objection.   Nor is he to be prejudiced by an argument made to the jury, either through the lips of counsel in addressing them, or through the judge in instructing them, founded upon his failure so to call her.   The effect and evident purpose of the modification of the instruction was to intimate to the jury that they might draw unfavorable inferences against the defendant from his failure to offer his wife as a witness in his own behalf, when the law sealed her mouth on grounds which concerned the good of society ; for which reason the jury ought to be cautioned, if at all, not to draw such inferences.

III. The court gave, at the instance of the plaintiff, the following instructions:

"The court instructs the jury that the plaintiff bank is entitled to a verdict sustaining against defendant Nichols the attachment in this suit, if plaintiff has, by proof satisfactory to the jury, established any one of the four grounds of attachment charged in the affidavit filed by plaintiff."

"If, therefore, from the evidence the jury believe that, on the first day of February, 1889, with the fraudulent intent of hindering or delaying the plaintiff and other creditors of said. Nichols, he, the said Nichols, for $19,750, sold and conveyed to Henry Rosinsky the real estate and leasehold property described in the deed, a certified copy of which has been read in evidence, the jury will find for plaintiff."

"Or, if you believe from the evidence and circumstances shown in evidence that, Nichols having sold said property for $19,750, he, the said Nichols, either in person or acting with other persons, fraudulently concealed, removed or disposed of said $19,750, or any part thereof, so as to hinder or delay plaintiff and other creditors of said Nichols in the collection of their demands against said Nichols, your verdict should be for plaintiff."

"Or, if from the evidence the jury believe that, on February 4, 1889, the said Nichols received from Rice, Stix & Co. a check for $386.65 of money belonging to said Nichols, or to which he was entitled, and that, thereafter and before the attachment was sued out by plaintiff, said Nichols collected the amount of said check and fraudulently concealed or disposed of the money received by him for said check, so as to hinder or delay plaintiff and other creditors of said Nichols in the collection of their demands against him, then your verdict must be for plaintiff."

The last paragraph of these instructions is challenged by the defendant. We think that the giving of

this last paragraph was an instance of the practice, frequently condemned in this state, of singling out a certain feature of the evidence, not in itself decisive, and making the whole case turn upon that. *Clark v. Hammerle*, 27 Mo. 55, 70 ; *Anderson v. Kincheloe*, 30 Mo. 520 ; *Rose v. Spies*, 44 Mo. 20 ; *Jones v. Jones*, 57 Mo. 138. It is to be observed that this paragraph, based upon a single evidentiary circumstance, is given in the disjunctive. It is so framed that it authorized the jury to find that, if the defendant collected this small check and fraudulently concealed or disposed of the money, so as to hinder or delay the plaintiff and other creditors, he had exposed himself to the plaintiff's attachment, although the other extensive transactions complained of may not have taken place, or may have been fair and honest. He had promised the greater part of this check to a particular creditor. For some reason he changed his mind and collected it directly over the counter of the paying bank and put the proceeds in his pocket. If the evidence against him rested upon his conduct alone, all his other transactions being clear, we should say that it would furnish no evidence to take the case to the jury. We are, therefore, of the opinion that the court erred in singling out this circumstance, and in giving such an instruction in reference to it.

The judgment will, accordingly, be reversed, and the cause remanded. All the judges concur.